**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **ILYA LIVIZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 19-10012-DJC** |
| | ) | |
| **JOHN G. ROBERTS, Chief Justice,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                 **April 9, 2019**

For the reasons set forth below, the Court allows Plaintiff's motion for leave to proceed *in forma pauperis* and dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I.       Background**

Plaintiff Ilya Liviz, proceeding *pro se*, commenced this action against United States Supreme Court Chief Justice John G. Roberts seeking declaratory and injunctive relief. D. 1. Liviz has been a frequent litigant and the allegations in the instant complaint "are not cogent, and to the extent they are conclusory," are not recounted here. Liviz, et al. v. Chief Judge Jeffrey R. Howard, U.S. Court of Appeals for the First Circuit, et al., C.A. No. 19-10096-PJB, at p. 6 (D. Mass. Mar. 4, 2019) (Barbadoro, J.). As this Court has recently noted in another matter in which Liviz, an attorney, was representing the plaintiff, many of the filings by Liviz, "which often contain hyperbolic statements and commentary not relevant to the material issues at hand, are difficult to follow even as the Court has been able to discern the crux of the factual allegations and legal

claims." <u>Anderson v. Supreme Judicial Court of Massachusetts</u>, No. 18-11302-DJC, 2019 WL 1244054, n. 3 (D. Mass. Mar. 15, 2019).

The instant complaint consists primarily of a recounting of events surrounding the placement of Liviz's minor son in the custody of the Massachusetts Department of Children and Families as well as Plaintiff's efforts to litigate related issues in various state and federal courts. D. 1.  Plaintiff alleges the violation of his constitutional rights, and, in footnote 4, he reserves the right to bring this action pursuant to federal statutes such as the Federal Tort Claims Act or the False Claims Act. <u>Id.</u> at n. 4.  Liviz alleges "discriminatory conduct limited to the judiciary branch of government, inter alia, petitions for writs of certiorari selection during conferences violate due process[,] access to courts[,] and equal protection rights which are determined in secretive proceedings hidden from public view."  D. 1, at ¶ III (5).

With his complaint, Plaintiff filed a motion to proceed *in forma pauperis*.  D. 2.

## II.    Discussion

### A.    Plaintiff's Motion to Proceed In Forma Pauperis

The Court ALLOWS Plaintiff's motion to proceed *in forma pauperis*.

### B.    Screening of the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, 28 U.S.C. § 1915 authorizes federal courts to dismiss a complaint if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

In assessing the sufficiency of the complaint, "an inquiring court must first separate wheat from chaff; that is, the court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." <u>Guadalupe-</u>

Baez v. Pesquera, 819 F.3d 509, 514 (1st Cir. 2016) (citing Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)).  The Court must then determine "whether the well-pleaded facts, taken in their entirety, permit 'the reasonable inference that the defendant is liable for the misconduct alleged.'"  Id. (citations omitted).  The allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy.  Iqbal, 556 U.S. at 678.

### C.    The Complaint Fails to State a Claim Upon Which Relief May be Granted

A claim that a federal official has violated an individual's constitutional rights is considered a *Bivens* claim. See Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971).  The Supreme Court held in *Bivens* that when "a federal agent acting under color of his authority" violates the Constitution, the agent's victim may recover damages against the agent. Therefore, Plaintiff's claims against Justice Roberts are construed under *Bivens*.  The claims are, nevertheless, subject to dismissal.

Judges are generally afforded absolute immunity in the performance of official judicial functions.  See Pierson v. Ray, 386 U.S. 547, 554 (1967) (stating that judges are immune "from liability for damages for acts committed within their judicial jurisdiction . . . even when the judge is accused of acting maliciously and corruptly").  Even if a decision was erroneous or improper, judges are not thereby deprived of immunity.  Stump v. Sparkman, 435 U.S. 349, 356–57 (1978).

Affording absolute immunity to judges serves to protect the finality of judgments, discourage inappropriate collateral attacks, and promote "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." Forrester v. White, 484 U.S. 219, 225 (1988) (citation omitted).

To the extent Plaintiff's complaint seeks injunctive relief, judges are protected from claims for injunctive relief by § 309(c) of the Federal Courts Improvement Act, Pub.L. No 104–317, 110 Stat. 3847 (1996), which amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity."

Absolute immunity may be overcome in only two situations.  Mireles v. Waco, 502 U.S. 9, 11 (1991).  First, absolute immunity does not protect a judge in the performance of nonjudicial actions.  Id. (citing Forrester, 484 U.S. at 227–29 (holding that judge acted in administrative capacity by firing probation officer and was therefore not entitled to immunity)).  Second, absolute immunity does not protect a judge for actions "taken in the complete absence of all jurisdiction." Id. at 12 (citations omitted).

Neither circumstance exists here.  Plaintiff seeks to hold Justice Roberts liable for performing judicial functions.  In essence, he seeks relief or review because the Supreme Court declined to hear Plaintiff's appeal which is squarely within the purview of judicial duties for which the Supreme Court has jurisdiction.  Such claims, whether seeking monetary or equitable relief, are barred as a matter of judicial immunity.[1]

For all of these reasons, the claims in the complaint are without legal merit and warrant dismissal under Section 1915.

III.    **Conclusion**

For the foregoing reasons, the Court rules as follows:

A.  The Court grants Plaintiff's motion to proceed *in forma pauperis*, D. 2; and

---

[1] Moreover, as an officer of the court, Liviz has an obligation to satisfy Fed. R. Civ. P. 11, which requires attorneys to make a reasonable inquiry to determine whether the pleadings they sign are well-grounded in fact and warranted by existing law. Fed. R. Civ. P. 11.  Here, even as alleged, the complaint fails to provide a factual basis to conclude that the compliant states an actionable claim against Defendant Roberts in his role as Chief Justice.

    B.  This civil action is hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED.**

                         /s/ Denise J. Casper
                         Denise J. Casper
                         United States District Judge